985 So.2d 1033 (2008)
In re AMENDMENTS TO FLORIDA SMALL CLAIMS RULE 7.090.
No. SC07-1724.
Supreme Court of Florida.
June 19, 2008.
Lloyd Alan Comiter, Chair, Small Claims Rules Committee, Jacksonville, FL; John F. Harkness, Jr., Executive Director and Madelon Horwich, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
Honorable Shawn L. Briese, Chair, Supreme Court Committee on Alternative Dispute Resolution Rules and Policy, Seventh Judicial Circuit, Daytona Beach, FL, Responding with comments.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Small Claims Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const. We adopt the proposed amendments with modification, as explained below.

BACKGROUND
The Small Claims Rules Committee (Committee) first proposed these amendments in its regular-cycle report filed in January 2005. The Court declined to adopt the proposed amendments at that time but directed the Committee to further study the issue. See In re Amendments to Fla. Small Claims Rules (Two Year Cycle), 931 So.2d 78, 79 (Fla.2005).
On August 6, 2007, the Committee filed its "Response of the Small Claims Rules Committee to Revised Opinion on Three-Year Cycle Report, Regarding Rule 7.090," which became the present case. The Committee again proposed amending rule 7.090 and form 7.322 to add language providing that mediation might take place at the time scheduled for the pretrial conference and that anyone attending mediation on behalf of a party must have full settlement authority. It further proposed adding language to rule 7.090 stating that anyone failing to comply with these provisions would be subject to sanctions.[1] These *1034 sanctions expressly included "costs, attorney fees, entry of judgment, or dismissal."
The proposed amendments were published for comment in the October 15, 2007, edition of The Florida Bar News. The Supreme Court Committee on Alternative Dispute Resolution (ADR Committee) filed a comment, to which the Committee filed a response. The ADR Committee generally agreed with the Committee's proposed amendments but suggested two variations of its own: (1) that the phrase "full authority to settle" be further clarified to mean "all amounts from zero to the amount of the claim"; and (2) that the Court adopt a totally new form, form 7.321, for use in counties that utilize mediation at the time of the scheduled pretrial conference, and containing the sanctions language, the clarified meaning of "full authority to settle," and an explanation of mediation.
The Committee, in its response to the ADR Committee's comment, again urged the amendment of rule 7.090(b) to include language specifically stating that mediation may take place during the time scheduled for pretrial conference and the amendment of form 7.321.
We adopt the first two sentences proposed for addition to subdivision (f) of the rule and to form 7.322 without change. We adopt, in part, the Committee's proposed addition of applicable sanctions for parties who fail to give full settlement authority to their attorneys attending pretrial conference and mediation on their behalf. Specifically, we adopt the sanctions of costs and attorney fees but decline to adopt entry of judgment or dismissal as sanctions under this rule.
We also add a "Court Commentary" to rule 7.090 to clarify that the language "full authority to settle" should not be interpreted to mean that the parties must settle the claim at mediation.
Accordingly, we amend the Small Claims Rules as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by struck-through type. The court commentary is offered only for explanation and is not adopted as an official part of the rules. These amendments shall take effect on October 1, 2008, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, QUINCE, and CANTERO, JJ., concur.
BELL, J., concurs in result only with an opinion, in which ANSTEAD, J., concurs.
BELL, J., concurring in result only.
I concur in the result only. There were no comments filed objecting to the substance of the proposed amendments. The sole comments filed in this case and in response to the Committee's regular-cycle report filed in January 2005, which was the first time these changes were proposed, were filed by the ADR Committee and were generally supportive of the amendments proposed by the Committee. I would defer to the broad expertise of the Committee and adopt all of its recommended changes.
ANSTEAD, J., concurs.

APPENDIX
RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE
(a)  (e) [NO CHANGE.]
(f) Appearance at Mediation; Sanctions. In small claims actions, an attorney *1035 may appear on behalf of a party at mediation if the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party's signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person. Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to comply with this subdivision may result in the imposition costs and attorney fees incurred by the opposing party.
(g) [NO CHANGE.]

Committee Notes
[NO CHANGE.]

Court Commentary
2008 Amendment. The requirement that an attorney attending mediation on behalf of the client have full authority to settle should not be equated to a requirement to settle where one or more parties wants to proceed to trial.
FORM 7.322. SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE
(CAPTION)
STATE OF FLORIDA  NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
..................................
..................................
YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the ..... in Courtroom #....., located at .........., on.....(date)....., at ..... m., for a PRETRIAL CONFERENCE before a judge of this court.

IMPORTANT  READ CAREFULLY

THE CASE WILL NOT BE TRIED AT THAT TIME.

DO NOT BRING WITNESSES  APPEAR IN PERSON OR BY ATTORNEY
The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.
The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.
Mediation may take place at the pretrial conference. Whoever appears for a party *1036 must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.
If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.
RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.
If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.
A copy of the statement of claim shall be served with this summons.
DATED at ...................., Florida, on .....(date).....
_____________________
As Clerk of the County Court
NOTES
[1] These proposed amendments to rule 7.090 and form 7.322 are identical to the previously proposed and rejected amendments.